```
                    UNITED STATES DISTRICT COURT          FILED
                    NORTHERN DISTRICT OF ALABAMA
                       NORTHEASTERN DIVISION         97 SEP 30 PM 4:29
```

| | | |
|---|---|---|
| LEONARD LUQMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV97-S-722-NE |
| | ) | |
| TOGO D. WEST, JR., | ) | **ENTERED** |
| SECRETARY OF THE ARMY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | SEP 3 0 1997 |

## MEMORANDUM OPINION

This action is before the court on defendant's motion to dismiss or, in the alternative, for summary judgment. Upon a review of the pleadings, motion, brief, and evidentiary materials submitted by defendant,[1] the court finds that defendant's alternative motion for summary judgment is due to be granted.[2]

### I. FACTS

Plaintiff, who appears *pro se*, is employed by the United States Army at its Missile Command (MICOM) located on Redstone Arsenal near Huntsville, Alabama. He alleges five instances of

---

[1] In the absence of any evidentiary submissions by plaintiff, the court relies on defendant's exhibits, which include EEO documents outlining the details and disposition of plaintiff's EEO complaint.

[2] Because the court considered evidentiary material outside the pleadings, defendant's motion is appropriately governed by summary judgment standards. *See*, *e.g.*, Garcia v. Copenhaver, Bell & Associates, 104 F.3d 1256, 1266 n.11 (11th Cir. 1997). The court notes that plaintiff was given notice that defendant's motion was deemed a summary judgment motion by order entered June 20, 1997, which included notice of the consequences of a failure to respond. Therefore, it cannot be seriously contended that plaintiff was unaware of his burden under Rule 56. *See id*.

reprisal for prior Equal Employment Opportunity (EEO) activity in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 (42 U.S.C. §§ 2000e et seq.), 42 U.S.C. § 1981, and the Americans with Disabilities Act (ADA), 42 U.S.C. § 120771. (Defendant's Exhibit 8, at 1.) Four of those allegations were dismissed by an EEO counselor as untimely.[3] (Defendant's Exhibit 4, at 3.) The fifth of those incidents, which occurred on June 22, 1995, was investigated, but also was ultimately dismissed because it involved only a proposed personnel action. (Defendant's Exhibit 6, at 3.) The EEO counselor's disposition of all five claims was affirmed on appeal to the Equal Employment Opportunity Commission (EEOC). (Defendant's Exhibit 8.) The complaint herein, based on the same allegations, was deemed filed March 25, 1997. (Order of United States District Judge U. W. Clemon entered March 25, 1997.)

## II.  DISCUSSION

Plaintiff has not responded to defendant's motion directly. Instead, he moved this court for a 90 day stay of the summary judgment deadlines so that he could retain an attorney.[4] This

---

[3] Those allegations were dismissed because such complaints are required to be brought to the attention of an EEO counselor within 45 days of the date of the incident alleged to be discriminatory, unless they are part of a continuing violation. See 29 CFR § 1614.107(b). The EEO counselor found that each of four dismissed complaints was first raised more than 45 days after the alleged discriminatory conduct. The EEO counselor also found the incidents were isolated instances, not sufficiently interrelated to meet the continuing violation requirements. (Defendant's Exhibit 8.) One complaint, related to the June 22, 1995 meeting with Tony Adams, was timely brought within the 45 day period. (Id.)

[4] Plaintiff filed an application for appointment of an attorney on March 21, 1997, six days before expiration of the 90 day limit for filing this action in federal court. That application was denied by United States District Judge

2

court denied plaintiff's motion by order entered July 10, 1997, but nevertheless extended the deadlines for plaintiff to submit evidentiary matters and file a brief. To date, plaintiff has made no further response to defendant's motion.

When a motion for summary judgment is made and supported as provided by the Federal Rules of Civil Procedure,

> an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). "There is no genuine issue for trial unless the non-moving party establishes, through the record presented to the court, that it is able to prove evidence sufficient for a jury to return a verdict in its favor." *Cohen v. United American Bank of Central Florida*, 83 F.3d 1347, 1349 (11th Cir. 1996) (affirming grant of summary judgment where non-movant "failed to present evidence to prove their claim[, and] ... did not supplement the allegations of the complaint with affidavits, file a memorandum in opposition to the motion for summary judgment, or otherwise comply with Rule 56(e) on a timely basis").

Defendant argues summary judgment is due to be granted as to each of plaintiff's claims. Upon review of the pleadings, defendant's motion, evidentiary submissions, brief, and the authorities cited therein, and viewing the evidence in a light most

---

U. W. Clemon on March 25, 1997. Thus, at least as of that date, plaintiff was fully aware that he would have to proceed with this action *pro se* if he did not retain counsel.

3

favorable to plaintiff, this court concludes that defendant's arguments are correct as to all of plaintiff's claims.[5]  Moreover, as plaintiff has made no effort to supplement the record or otherwise meet his Rule 56 burden, summary judgment is appropriate. Accordingly, the court adopts defendant's arguments as its own and finds defendant's motion is due to be granted on the grounds stated therein. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 30th day of September, 1997.

_____
United States District Judge

---

[5] The court rejects defendant's argument that plaintiff's claims were not timely filed in this court. (Defendant's Brief at 12.) Although the amended complaint was not timely filed, plaintiff's application for appointment of an attorney, filed within the required 90 day period after notice of a final EEOC decision, was deemed to be a timely filing of his complaint. See Order of United States District Judge U. W. Clemon entered March 25, 1997. Even so, summary judgment is appropriate on the alternative grounds raised by defendant in brief.

4